UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**KEVIN WHITTER**,                                             CASE NO.:

    Plaintiff,

v.

**PUBLIX SUPER MARKETS, INC.**,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KEVIN WHITTER (hereinafter referred to as "**Plaintiff**" and/or "**Ms. Whitter**") sues Defendant Publix Super Markets, Inc. (hereinafter referred to as "**Defendant**" or "**Publix**"), and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under the Florida Civil Rights Act §760.01, *et seq.*, Florida Statutes ("**FCRA**"), the Title VII ("**Title VII**") to redress unlawful employment practices toward Plaintiff, including disability discrimination, hostile work environment, and retaliation.

**PARTIES, JURIDICTION, AND VENUE**

2. Plaintiff is an individual woman and resides in Miami, Florida.

3. Defendant is a Florida entity with its principal place of business located in Miami, Florida.  At all relevant times, PUBLIX maintained an office in Miami-Dade County, Florida.

4. At all times relevant to this action, Plaintiff was an employee of Defendant and performed work for Defendant in Miami-Dade County, Florida.

1

5. Defendant employed no fewer than 15 or more persons at all relevant times and is therefore an employer as defined by the FCRA.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the cause of action arises under federal statutes, to wit, the FCRA.

7. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims are related to claims in the action within the Court's original jurisdiction such that they form part of the same case or controversy.

8. Venue is proper in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant's principal place of business is located within this judicial district and because all or a substantial part of the events giving rise to this action occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

9. On or about June 24, 2019 Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**") and the Florida Commission on Human Relations ("**FCHR**") against Defendant as set forth herein.

10. More than 180 days have expired since Plaintiff filed her charge of discrimination with the FCHR, and the FCHR has neither conciliated nor issued a determination of whether there is reasonable cause.

11. This case was initiated within 90 days of Plaintiff's receipt of her Notice of Right to Sue from the EEOC.

**FACTUAL ALLEGATIONS**

12. In or around 2009, Claimant WHITTER was diagnosed with Gender Dysphoria, a serious medical condition, and as a result, has received treatment.

13. At all material times, PUBLIX, INC (hereinafter "**PUBLIX**") was and is a domestic business corporation authorized to do business in the State of Florida

14. On or about June 23, 2018, WHITTER was hired by PUBLIX.

15. At all material times, WHITTER was employed by PUBLIX.

16. At all material times, WHITTER was assigned by to work as the Respondent's Cashier.

17. At all material times, WHITTER was assigned to be a cashier at Defendant's Downtown Miami location.

18. At all material times, WHITTER's job duties included operating a cash register and responding to customers' inquiries.

19. At all material times, Defendant's General Manager, GARY CHIN (hereinafter "**CHIN**" or "**Defendant's CHIN**") was and is a male employed by PUBLIX.

20. At all material times, Respondent's CHIN held direct supervisory authority over WHITTER.

21. At all material times, PUBLIX'S CHIN controlled the terms of WHITTER'S employment.

22. At all material times, Defendant's Customer Service Manager, SHEREESE GRIFFIN (hereinafter referred to as "**GRIFFIN**"), is a female employed by PUBLIX.

23. At all material times, Defendant's GRIFFIN held direct supervisory authority over Plaintiff.

24. At all material times, Defendant's GRIFFIN controlled the terms of WHITTER'S employment.

25. At all material times, Claimant WHITTER Florida Driver's License identifies Claimant WHITTER as female.

26. In or around June 2018, PUBLIX was aware of WHITTER's gender identity.

27. In or around June 2018, WHITTER was asked to cut her hair off, to fit Defendant's male uniform policy. WHITTER obliged because she needed her job.

28. In or around June 2018, as a result of the order cut her hair, WHITTER felt isolated and victimized.

29. In or around June 2018, GRIFFIN told WHITTER that she could not use the Women's Restroom, because WHITTER, "…WOULD SCARE THE WOMEN, BECAUSE YOU LOOK LIKE A MAN AND YOU ARE A MAN, AND YOU AREN'T A FEMALE BY PUBLIX STANDARDS."

30. In or around June 2018, WHITTER requested to wear the female uniform. GRIFFIN told WHITTER that she was not a female and Defendant is not interested in confusing Defendant's customers.

31. WHITTER complained to Defendant's General Manager about the use of the bathroom and the uniform. The matter had not been addressed by the General Manager or Defendant up until WHITTER'S unlawful termination.

32. In or around July 2018, Defendant's employees began referring to WHITTER as "HE-SHE" and "SHIM". When in fact the WHITTER'S name tag displays the name "KEVIN."

33. WHITTER complained to her direct supervisor GRIFFIN. GRIFFIN found the situation funny and did not correct Defendant employees' behavior.

34. In or around September 2018, WHITTER colored her hair Beach Blonde. Another cashier had done the same color weeks earlier without issue. GRIFFIN shouted at WHITTER saying, "WHERE THE HELL YOU THINK YOU GOING LOOKING LIKE THAT? YOU ARE LUCKY I AM SHORT STAFF TODAY. I WILL LET YOU LEAVE EARLY TO GO TO THE BARBER SHOP TO CUT YOUR HAIR."

35. On or about December 14, 2018, on WHITTER'S six (6) month evaluation WHITTER received 112 points out of a possible 120 points. WHITTER'S Total Performance Rating Exceeded Expectations.

36. WHITTER felt isolated and embarrassed; she had no source of support during the constant harassment.

37. At all material times, starting from the beginning of WHITTER'S employment with Defendant, WHITTER complained about the harsh treatment she received from other employees and GRIFFIN.

38. At all material times, WHITTER was called "MS. THING," "KEVINISHA," and "KIKI" by GRIFFIN and some of Defendant's employees.

39. At all material times, Defendant and its employees referred to WHITTER by "KEVINISHA" and "HE-SHE" in the presence of Defendant's Managers and in some instances in the presence of CHIN.

40. In or around December 2018, WHITTER complained again to CHIN, and again, nothing was done to correct the issues she faced.

41. On or about March 6, 2019, CHIQUITA DEVEREAUX (hereinafter referred to as "**DEVEREAUX**"), yelled "HE-SHE" at WHITTER in the presence of GRIFFIN, WHITTER asked GRIFFIN if she heard the comment, GRIFFIN said she did not.

42. In or around March 2019, Rashida (hereinafter referred to as RASHIDA"), a Deli worker, grabbed WHITTER buttocks as she walked out of Defendant's break room. RASHIDA explained that she wanted to feel if it was real.

43. RASHIDA accused WHITTER of wearing "booty pads" and stated that her "ASS WAS NOT REAL."

44. On multiple occasions, RASHIDA grabbed and rubbed Claimant WHITTER'S buttocks, while making sexual comments.

45. In or around March 2019, WHITTER complained to Deli Manager, VERONICA AMATO (hereinafter referred to as "**VERONICA**"), VERONICA did not address the incident with RASHIDA and the grabbing and groping continued.

46. At all material times, WHITTER opposed all discriminatory behavior and reported all such incidents to Defendant.

47. In or around 2019, RASHIDA showed WHITTER numerous pictures of penises she had on her phone. RASHIDA said, "I KNOW YOU LIKE THESE."

48. At all material times, Defendant's employees were aware of WHITTER'S complaints to Defendant's Management team. As a result, Respondent's employees harassed WHITTER daily.

49. In or around March 2019, GRIFFIN instructed WHITTER to purchase compression brassiere because according to Defendant and GRIFFIN, WHITTER'S "APPEARANCE IS EMBARASSING OUR DEPARTMENT AND THIS COMPANY AND BRINGING NEGATIVE ATTENTION. WHY CAN'T YOU BE LIKE THE OTHER GAY PEOPLE HERE. BE GAY AND KEEP IT TO YOURSELF"

50. WHITTER felt isolated and victimized by GRIFFIN'S demands, however WHITTER complied because she was in fear of losing her job.

51. In or around April 2019, GRIFFIN told WHITTER, "I WANT TO SEE KEVIN, NOT KEKE OR WHAT THE HELL YOU LIKE TO CALL YOURSELF. NOT ON PUBLIX TIME."

52. At all material times, WHITTER was prohibited from wearing any makeup. WHITTER was told that she could do that on her own time and not at Defendant's "Work".

53. At all material times, WHITTER excelled in her performance as Defendant's team member.

54. At all material times, WHITTER had excellent customer service and was productive as a team member at Defendant.

55. In or around April 2019, PUBLIX'S Pharmacy Manager, MICHAEL (Last Name Unknown) (hereinafter referred to as "**MICHAEL**"), in response to WHITTER'S request for coffee, MICHAEL said, "I KNOW WHAT YOU NEED TO SLAP YOU IN YOUR FACE TO WAKE YOU UP," while gyrating and moving his hips side to side.

56. At all material times, WHITTER believed that reporting the misconduct of CHIN, GRIFFIN, RASHIDA and DEVEREAUX would threaten her employment with Defendant.

57. As a result of making complaints, employees of Defendant began treating Claimant WHITTER even more harshly. WHITTER felt isolated and attacked by Defendant's employees.

58. In or around May 2019, WHITTER transferred from Defendant's Downtown Miami location. Claimant WHITTER began working at Defendant's Brickell location.

59. Everyone at the Brickell location was already aware of WHITTER'S complaints to management about the harassment and hostile work environment she endured.

60. On or about May 18, 2019, three (3) of Defendant's employees walked over and stood right in front of WHITTER'S check-out lane and began discussing several managers that WHITTER mentioned in her complaints.

61. The employees spoke generally about WHITTER'S complaint. The team members spoke about their relationships with managers. Respondent's employees began mocking WHITTER.

62. WHITTER felt embarrassed, isolated and victimized as a result of Respondent's employees' constant harassment.

63. Defendant's managers BRIAN SANCHEZ (hereinafter referred to as "**SANCHEZ**"), SUMBAL ZIA (hereinafter referred to as "**ZIA**") and JOSIE HAYEK (hereinafter referred to as "**HAYEK**") giggled and jeered at WHITTER. WHITTER finally reacted, yelling at one of the employees.

64. On or about May 25th, 2019, HAYEK walked over to WHITTER's cash register to deliberately provoke WHITTER and began to brag about her close relationship with "CHAD" (Publix District Manager), in an aggressive and intimidating manner, threatening WHITTER's employment with PUBLIX for FILING A LAWSUIT. Making an anti-gay statement mentioning my lawsuit then stating, "WE DON'T TOLERATE HOMOSEXUALS IN MY COUNTRY," forcing WHITTER finally reacted, yelling at one of the employees.

65. Respondent's security guard escorted WHITTER out of the building. In an attempt to clock out, Respondent's security pushed Claimant WHITTER out the door, saying "GET THE FUCK OUT OF PUBLIX YOU SISSY HE-SHE," slamming WHITTER'S finger in the door. Injuring Plaintiff's finger.

66. As a result of the injury to WHITTER'S finger, she went to the emergency room. The emergency room physician placed WHITTER was placed on light duty.

67. On or May 31, 2018, WHITTER had a meeting with District Manager, Chad (hereinafter referred to as "CHAD") and ZIA, the two promised a thorough investigation and asked WHITTER to go to Defendant's physician to check the finger. WHITTER did as was asked.

68. On or about June 8, 2019, WHITTER had a nervous break-down. WHITTER was admitted to the Jackson Health's Mental Health Ward.

69. On or about June 11, 2019, WHITTER was released from the mental health ward and received a message to call Respondent, because a decision had been made regarding her employment with Respondent PUBLIX.

70. On or about June 11, 2019, Defendant terminated WHITTER's employment.

71. As a result of Respondents' actions, Claimant felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

72. As a result of Defendant's discriminatory treatment, Plaintifff suffered and continues to suffer severe emotional distress. WHITTER now suffers from suicidal thoughts and has been diagnosed with Severe Depression.

73. As a result of the constant harassment, WHITTER is now being medicated to make it through her day to day living.

74. Claimant suffers from regular panic attacks as a result of Respondent's conduct. Claimant has depression, anxiety and difficulty sleeping.

75. Plaintiff was wrongfully terminated.

76. As a result of Defendant's discriminatory treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

77. Defendant discriminated against and terminated Plaintiff on the basis of Plaintiff's sexual orientation and because Plaintiff complained or opposed the unlawful conduct of Defendant related to the above protected classes.

78. Defendant retaliated against Plaintiff for engaging in protected activity.

79. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

80. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

## **COUNT I – DISCRIMINATION UNDER TITLE VII**

81. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 80 and further alleges as follows.

82. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

83. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sexual orientation and gender.

84. Plaintiff was qualified for positions within Defendant's corporation and able to perform its essential functions.

85. On numerous occasions, Defendant's employees ridiculed and belittled WHITTER's sexual orientation by stating comments such as "WE DON'T TOLERATE HOMOSEXUALS IN MY COUNTRY" and "GET THE FUCK OUT OF PUBLIX YOU SISSY HE-SHE".

86. Defendant isolated and mistreated Plaintiff based on Plaintiff's gender.

87. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

88. Defendant violated the above and Plaintiff suffered numerous damages as a result.

89. Defendant violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's gender and sexual orientation.

90. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964;

b. Issue an order prohibiting further discrimination and;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in Title VII of the Civil Rights Act of 1964;

d. Award Plaintiff all compensatory and liquidated damages provided for in Title VII of the Civil Rights Act of 1964; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT II – DISCRIMINATION UNDER FCRA

91. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 80 above.

92. Defendant subjected Plaintiff to harassment and the harassment was motivated by Plaintiff's sexual orientation and gender.

93. At all relevant times, Defendant treated Plaintiff unfairly, unlike other employees outside of Plaintiff's protected class.

94. Defendant treated Plaintiff harshly and ultimately terminated Plaintiff because of her gender and sexual orientation and her complaints of discrimination.

95. The conduct was so severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

96. Defendant failed to exercise reasonable care to prevent sexual harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA;

    b. Issue an order prohibiting further discrimination;

    c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the FCRA;

    d. Award Plaintiff all compensatory and liquidated damages provided for in the FCRA; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT III – RETALIATION UNDER THE FCRA

97. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 80 and further alleges as follows.

98. Defendant's employees made sexually charged comments to Plaintiff on a number of occasions and touched and grabbed Plaintiff without her consent.

99. Plaintiff complained to Defendant about the sexual comments and about Defendant's employees touching her in a sexual manner

100. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

101. By the conduct described above, Defendant retaliated against Plaintiff for engaging in protected activity.

102. Plaintiff objected to Defendant's attempts to terminate her employment with Defendant.

103. Defendant took adverse employment actions against Plaintiff WHITTER because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

104. Defendant terminated Plaintiff employment with Defendant as a result of her gender and sexual orientation.

105. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's gender was unlawful but acted in reckless disregard of the law.

106. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the FCRA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the FCRA; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT IV – RETALIATION UNDER THE TITLE VII

107. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 80 and further alleges as follows.

108. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate

against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

109. Plaintiff is a transgender woman and, as such, a member of a protected class under Title VII.

110. Defendant's employees made sexually charged comments to Plaintiff on a number of occasions and touched and grabbed Plaintiff without her consent.

111. Plaintiff complained to Defendant about the sexual comments and about Defendant's employees touching her in a sexual manner

112. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

113. By the conduct described above, Defendant retaliated against Plaintiff for engaging in protected activity.

114. Plaintiff objected to Defendant's attempts to terminate her employment with Defendant.

115. Defendant took adverse employment actions against Plaintiff WHITTER because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the Title VII of the Civil Rights Act of 1964.

116. Defendant terminated Plaintiff employment with Defendant as a result of her gender and sexual orientation.

117. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's gender was unlawful but acted in reckless disregard of the law.

118. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in Title VII of the Civil Rights Act of 1964;

d. Award Plaintiff all compensatory and liquidated damages provided for in Title VII of the Civil Rights Act of 1964; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated:  November 12, 2020         **DEREK SMITH LAW GROUP, PLLC**
                                  701 Brickell Ave, Suite 1310
                                  Miami, FL 33131
                                  Tel: (305) 946-1884
                                  Fax: (305) 503-6741

                                      s/Tiffani-Ruth I. Brooks
                                  Tiffani-Ruth I. Brooks, Esq.
                                  Fla. Bar No. 1010664
                                  Tiffani@dereksmithlaw.com
                                  *Counsel for Plaintiff*